Submitted December 22, 2021; remanded for resentencing, otherwise affirmed January 26, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEVON ANDREW PETERSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR48649; A172842

504 P3d 702

Katharine von Ter Stegge, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for one count of coercion constituting domestic violence (Count 1), two counts of fourth-degree assault constituting domestic violence (Counts 2 and 4), and one count of second-degree criminal mischief (Count 6). We write to address only defendant's third assignment of error and reject without discussion defendant's remaining assignments of error. In his third assignment, defendant challenges the trial court's imposition of an upward durational departure sentence on Count 1. The state concedes the error. We agree that the trial court erred, accept the state's concession, and remand for resentencing.

At sentencing, the trial court determined that defendant was in sentencing grid block 7-I, which carries a presumptive sentence of three years of probation. The state asked for an upward durational departure sentence of five years of probation on each count. Defendant asked the court to impose the presumptive sentence, stating that it was required, because the state had not filed a departure notice and did not argue departure facts. For Count 1, the court imposed an upward durational departure sentence of five years of probation. The court imposed concurrent sentences for the remaining counts of three years of probation. In the judgment, the court described the basis for the departure sentence on Count 1 as "Stipulation of Parties."

On appeal, defendant argues that the court erred in imposing a departure sentence, because the court did not state the reasons for the departure at the time of sentencing, the jury did not find any departure facts, and defendant did not waive his right to a jury to determine those facts. The state concedes on appeal that the parties did not stipulate to a departure sentence and that the court erred in imposing an upward durational departure sentence without stating the reasons on the record, as required by OAR 213-008-0001. We agree with and accept the state's concession. Because the trial court erred in imposing the departure sentence, we remand for resentencing. *See State v. Dimmick*, 252 Or App 359, 360, 287 P3d 1180 (2012) (remanding for resentencing on state's concession that the trial court erred

in imposing an upward durational departure sentence without making the required findings). Given our disposition, we need not address defendant's other arguments raised in his third assignment of error, which are unpreserved and better directed to the trial court on remand.

Remanded for resentencing; otherwise affirmed.